# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMES ALLEN SMITH,                )
                                  )
        Plaintiff,          )
                                  )
v.                                )        Case No. CIV-15-047-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
        Defendant.          )

## OPINION AND ORDER

Plaintiff James Allen Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 19, 1959 and was 55 years old at the time of the ALJ's latest decision. Claimant completed his high school education. Claimant has worked in the past as a correctional officer and hospital housekeeper. Claimant alleges an inability to work beginning July 1, 2008 due to limitations resulting from lower back and leg problems.

**Procedural History**

On February 26, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 13, 2011, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On March 18, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on May 22, 2012. This Court, however, reversed and remanded the decision for a re-evaluation of the medical opinion evidence. The Appeals Council vacated the ALJ's decision and remanded the case.

On July 22, 2014, ALJ Bernard Porter conducted a second hearing. On October 15, 2014, he entered an unfavorable decision. The Appeals Council took no action to review the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual

functional capacity ("RFC") to perform the full range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of Claimant's treating physician; and (2) failing to properly consider Claimant's borderline age.

## Treating Physician Opinion

In the latest decision, the ALJ found Claimant suffered from the severe impairments of lumbar disc disease, residuals of a fracture of the left lower extremity, hypertension, and obesity. (Tr. 217). The ALJ determined Claimant retained the RFC to perform a full range of light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight hour workday; sit for six hours in an eight hour workday; and could push and pull as much as he can lift/carry. Claimant could occasionally use foot controls with the left lower extremity, could occasionally climb ramps and stairs but never climb ropes, ladders, and scaffolds or crawl. Claimant could frequently balance, stoop, and crouch but only occasionally kneel. He must not work around unprotected heights, moving mechanical pares, or temperature extremes. Time off task would be accommodated by normal workday breaks. Claimant required a sit/stand option that allowed for a change in position at least every 30 minutes and a

brief positional change for three to five minutes at a time. (Tr. 221). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of cashier II, furniture rental clerk, and arcade attendant, all of which were found to exist in sufficient numbers in both the national and regional economies. (Tr. 229). As a result, the ALJ concluded Claimant was not disabled from July 1, 2008 through March 30, 2014, the date last insured. Id.

Claimant contends the ALJ erred in his evaluation of the opinions of the treating physician, Dr. Larry Lewis. On October 12, 2010, Dr. Lewis completed an RFC Capacity Assessment on Claimant. His primary diagnosis was low back and left leg pain. (Tr. 204). He determined Claimant could occasionally and frequently lift and/or carry less than 10 pounds with increased pain and pain in the left leg, stand and/or walk for less than 2 hours in an 8-hour workday, a requirement that Claimant periodically alternate sitting and standing to relieve pain or discomfort, and limited pushing and pulling in the lower extremities. Dr. Lewis noted that Claimant's pain improves for the time when he changes position but it returns. He also states Claimant pain caused by movement of his feet. (Tr. 205).

Dr. Lewis determined Claimant could never climb, balance, or

6

crouch and could only occasionally stoop, kneel, or crawl. Claimant's pain increased with movement. Dr. Lewis concluded by stating "my opinion is that [Claimant] suffers from significant back pain & radiculopathy into [left] leg." (Tr. 206).

On October 2, 2013, Dr. Lewis completed a second statement. He opined Claimant could occasionally and frequently lift/carry less than ten pounds; stand/walk at one time less than 30 minutes and totally less than two hours in an eight hour workday; and sit at one time less than 30 minutes, noting he "has to get up & down frequently" and in total less than two hours in an eight hour workday. (Tr. 409).

Dr. Lewis also found Claimant used a cane "most days". He stated Claimant could only walk a few feet at a time without sitting. He set out that Claimant could not perform work on a sustained and continuing basis because his "pain is persistent & is unable to tolerate walking, sitting or standing for any reasonable amount of time." Dr. Lewis also noted that "some of the medications cause drowsiness and difficulty concentrating." He estimated Claimant would be absent from work three or more times per month due to his conditions. The primary reason for this statement was stated as "inability to tolerate standing, walking, or sitting for extended times & medications cause drowsiness & difficulty [with] concentration." (Tr. 410).

7

The ALJ recites the appropriate legal standards for weighing the opinions of treating physicians. (Tr. 225). However, he determined that both of Dr. Lewis' opinions were entitled to "diminished weight." (Tr. 226).

The bases for rejecting providing controlling weight to the opinions consisted of findings that (1) Claimant's treatment visits to Dr. Lewis were "relatively infrequent", having visited him in December of 2007 and October of 2010; (2) the visit in October of 2010 was to get a form filled out for disability benefits; (3) Dr. Lewis' treatment records indicate "off and on" back pain which was inconsistent with his source statements; (4) Dr. Lewis' treatment was relatively conservative consisting of prescription medication, instructions for back exercises, and one steroid injection; (5) Claimant was not referred for physical therapy; (6) when Claimant was referred to a neurologist, surgery was not discussed because Claimant was not experiencing radiculopathy at the time. (Tr. 226).

The ALJ also rejecting affording controlling weight to the second source statement because he found it merely "parrots back the claimant's subjective allegations." He also noted Claimant was not seen by Dr. Lewis in 2011 and the first half of 2012. When Claimant was seen in July of 2012, Dr. Lewis found no physical abnormalities. The next visit in October of 2013 indicated Claimant had mild depression with suicidal ideation but took no further action to

8

treat the condition. He also stated Claimant had very limited range of motion in the back and legs and a "slightly" unsteady gait. (Tr. 226).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

9

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ made considerable improvement in expanding his analysis of Dr. Lewis' opinions. The treatment records of Dr. Lewis contain limited detailed information on the check off forms which largely comprise his records. His records from October 2, 2013 which the ALJ read as inconsistent are, in fact, not. While Dr. Lewis did indicate lower back problems and that Claimant was "very limited in back & legs", the further finding of a slightly

10

unsteady gait is not necessarily inconsistent with the finding of limitation in range of motion. (Tr. 413). Further, Dr. Lewis explained that his chronic back pain had become progressively worse with "much difficulty walking, sitting or standing for prolonged periods of time." The finding was also made that "meds provide slight relief, but does have difficulty concentrating & sedation." Id. At the very least, the ALJ should have discussed how these conditions contained in the medical record could permit Claimant to stand, walk, and sit for six hours in an eight hour workday as found in the RFC. Moreover, while the ALJ diminished the nature of Dr. Lewis' treatment for his pain in stating it consisted of medication, the medication prescribed was undeniably narcotic and not minimal. The record indicates Claimant's prescriptions included Toradol, Hydrocodone, Meloxicam, and Flexeril. (Tr. 177, 180, 186, 412,

The ALJ also failed to acknowledge and discuss the other evidence in the record which supported Dr. Lewis' conclusions contained in the two source statements which he authored. For instance, the MRI from November 19, 2010 indicated Claimant central and left-sided L4-L5 disc herniation. (Tr. 427). While he noted the findings by Dr. Ronald Schatzman which supported a finding of non-disability, the ALJ failed to acknowledge the effects of Dr.

Schatzman's findings that Claimant was positive in bilateral straight leg raising in the sitting and supine positions, demonstrated weak heel and toe walking, and was positive for pain in range of motion testing. (Tr. 190, 193). Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The ALJ characterized Dr. Lewis' opinions as entirely unsupported while support was present in both Dr. Lewis' treatment records and Dr. Schatzman's examination findings. The ALJ should explain the basis for rejecting these findings.

Finally, the ALJ rejected Dr. Lewis' 2013 source statement, stating it "parrots" Claimant's subjective statements. The specific limitations in the functional areas of standing, walking, sitting, and lifting appear to stem from Dr. Lewis' own professional medical opinion rather than Claimant's statements. In short, the ALJ gave little consideration to Dr. Lewis' opinion

12

based upon a faulty or insufficiently supported premise. On remand, the ALJ shall consider the other evidence in the medical record which supported or was not inconsistent with Dr. Lewis' opinion as well as a foundation for rejecting Dr. Lewis' opinion supported by his treatment record.

**Consideration of Borderline Age Category**

Claimant contends the ALJ should have classified Claimant's age by evaluating the overall impact of the factors present in this case rather than through a mechanical application of Claimant's chronological age. The ALJ found Claimant was "closely approaching advanced age" based upon his chronological age rather than "advanced age" based upon an examination of the overall impact of all factors. (Tr. 227-28). Claimant was six months within his 55th birthday. (Tr. 215, 227).

The ALJ is prohibited from mechanically classifying a claimant's age based solely upon his chronological age in borderline situations. 20 C.F.R. § 404.1563(b). On remand, the ALJ shall consider the application of the advanced age category based upon an examination of all factors relevant to his upcoming age rather than the age he currently attained.

**Conclusion**

The decision of the Commissioner is not supported by

13

substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE